*Kim L. Jackson, Esq.*
*2091 Bartow Avenue*
*Bronx, New York 10475*
*(917) 445-7809*
*kimmyj42@hotmail.com*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                              Case No. 18-40183 (CEC)

LAVERNE ELLIS                                           Chapter 13
116-17 118TH Avenue
Cambria Heights, New York 11411

                                   Debtor.
-----------------------------------------------------------x

## PROPOSED AMENDED CHAPTER 13 PLAN

**Part 1**     **Definitions and Notices**

1.1 Plan Definitions: the term "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure. The term "Local Rule" shall refer to the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of New York. The term "Petition" refers to the Debtor's Petition, filed in this Court on January 11, 2018. The term "Trustee" shall always refer to the Chapter 13 Standing Trustee for this Court, or the substitute therefor.

1.2 In accordance with Bankruptcy Rule 3015.1, this Plan:
does not contain any nonstandard provisions;
does limit the amount of a secured claim based on the valuation of the collateral for the claim;
does void a security interest or a lien (See, Part 3 herein);
does request loss mitigation (See, Parts 2 and 3 herein).

1.3 Notice to Creditors: If you oppose the Plan's treatment of your claim, or any provisions of this Plan, you or your attorney must file an objection to confirmation at least seven days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. This includes valuations of collateral, motions to avoid junior mortgage and judicial liens, and surrender provisions.

This Plan shall be binding upon its confirmation. You should read this Plan carefully and discuss it with your attorney. The Bankruptcy Court may confirm this Plan without further notice if no objection is filed. See, Bankruptcy Rule 3015.

## PART 2: Plan Payments and Duration

2.1 The Debtor's future earnings are submitted to the supervision and control of the Trustee. Debtor will make the first Plan payment no later than thirty (30) days after the date the Petition was filed. The Debtor will make monthly payments to the Trustee as follows:

The Non-Debtor contributors will make the following monthly payments to the Debtor, who will send payment to the Trustee:

| Contributor/Amount | | How Many Months? |
|---|---|---|
| C. Ellis | $1,000.00 | 60 |
| I. Ellis | $1,000.00 | 60 |
| K. Banton | $525.47 | 60 |

Debtor will make payments of $2,525.47[1] until Plan confirmation. Once Debtor's Plan is confirmed, the Debtor will make "trial payments," the number of which shall be determined by the secured creditor. Once Debtor has successfully made the trial payments, the Debtor shall make payments pursuant to the terms of the Loan Modification Agreement. All payments shall be made to the Trustee, until the conclusion of the Plan.

2.2 Income Tax Refunds:

As 100% of timely filed proofs of claims will be paid to unsecured creditors, Debtor will retain all tax return payments.

2.3 Irregular Payments:

There are no irregular payments to be made under the Plan.

## PART 3: Treatment of Secured Claims

3.1 Maintenance of original mortgage payments (including the Debtor's principal residence):

None.

3.2 Cure of Default (including the Debtor's principal residence):

None.

---

[1] Exclusive of amounts paid pursuant to 11 U.S.C. 330, et seq.

3.3  Modification of a mortgage secured by the Debtor's principal residence:

The Debtor is seeking to modify a mortgage secured by the Debtor's principal residence. The Debtor and the Creditor-mortgagee have entered Loss Mitigation. The mortgage due to the secured creditor, MTGLQ Investors, L.P., on the property known as 216-17 118th Avenue, Cambria Heights, New York, 11411, under account number ending 0167, is in default. The total amount of mortgage arrears is $243,370.52.[2] Under a Loan Modification Agreement between the debtor and the mortgagee, the amount to be capitalized is $204,419.65, with a principal reduction amount of $72,412.91. The new principal balance of $204,419.65 will be paid at 4.5% interest, amortized over 35 years, with an estimated monthly payment of $2,525.47, including interest and escrow of $1,313.83. All monthly payments shall be paid directly to the Trustee while loss mitigation is pending, and until such time as the Debtor has commenced payment under the Loan Modification Agreement. Contemporaneous with the commencement of a trial loan modification, the Debtor will amend the Chapter 13 Plan and Schedule J to reflect the terms of the trial agreement, as well as payments under the Plan.

3.4  Request for valuation of security, payment of fully-secured claims, and modification of under-secured claims:

The debtor shall file a motion to determine the value of the secured claim listed below. Such claim shall be paid pursuant to an order of the Court upon determination of such motion:

| Name of Creditor | Last 4 Digits of Acct. No. | Description of Collateral | Value of Collateral | Total Amt of Claim | Estimated Amt of Creditor's Secured Claim | Estimated Amt of Creditor's Unsecured Claim |
|---|---|---|---|---|---|---|
| MTGLQ Investors, L.P. | 0167 | debtor's primary residence | $315,000 | $480,347.60 | $315,000 | $165,347.60 |

3.5  Secured claims on personal property excluded from 11 U.S.C. section 506:

None.

---

[2] As of March 8, 2018.

3.6  Lien Avoidance:

The Debtor shall file a motion to avoid the following judicial liens or nonpossessory, non-purchase money security interests, as the claims listed below impair exemptions to which the Debtor is entitled under 11 U.S.C. section 522(b), or applicable state law. See, 11 U.S.C. section 522(f), and Bankruptcy Rule 4003(d). Such claims shall be paid pursuant to order of the Court upon determination of such motion:

| Name of Creditor | Attorney for Creditor | Lien Identification | Description of Collateral | Estimated Amount of Secured Claim | Interest Rate on Secured Portion | Estimated Amount of Unsecured Claim |
|---|---|---|---|---|---|---|
| NYS Dept. Of Taxation And Finance | Unk. | Judicial Lien | Debtor's Residence | $192.50 | 7.5% | $136.36 |
| NYC Water Board | Andrew Rettig | Judicial Lien | Debtor's Residence | $1,014.72 | 6% | $0 |

3.7  Surrender of collateral:
None.

## PART 4:  Treatment of Fees and Priority Unsecured Claims

4.1  General:

Trustee's fees, administrative fees and all allowed priority, unsecured claims will be paid in full.

4.2  Trustee's fees:

Trustee's fees will be paid according to statute, and pursuant to an order of the Court.

4.3  Attorney's fees:

Counsel for the Debtor has received a portion of the Prepetition flat fee. The balance of the flat fee shall be paid by funds held by the Trustee as an administrative expense after application to, and approval by, the Court, pursuant to 11 U.S.C. section 330(a)(4) and Bankruptcy Rule 2016:

Total Amount of Flat Fee charged:        $3,500.00 (subject to review under 11 U.S.C. 329)
Total Amount of flat fee paid Prepetition:  $2,400.00
Remainder of flat Fee to be paid:         $1,100.00

4.4  Unsecured Domestic Support Obligations:

None.

4.5  Priority Unsecured Tax Claims:

| Creditor Name | Type of Priority Debt | Total Claim Amount | Interest Applied |
|---|---|---|---|
| New York State Department of Taxation and Finance | State Tax Debt | $136.36 | To Be Determined pursuant to 11 U.S.C. 511, 11 U.S.C. 1325 (a)(5)(B)(ii) |

## PART 5: Executory contracts and Unexpired Leases

There are no executory contracts or unexpired leases treated under the Plan.

## PART 6: Nonpriority, Unsecured Claims

6.1  The following nonpriority, unsecured claims, if allowed, shall be paid in full, including interest accrued through the filing of the claim, from funds currently on hand with the Trustee[3]:

| Creditor | Amount Claimed | Nature of Debt |
|---|---|---|
| Atlas Acquisitions LLC<br>294 Union Street<br>Hackensack, N.J., 07601 | $1,314.15 | consumer credit debt |
| LVNV Funding, LLC its Successors and assigns as Assignee of Arrow Financial Services, LLC<br>Resurgent Capital Services<br>P.O. Box 10587<br>Greenville, S.C. 29603-0587 | $480.58 | consumer credit debt |
| New York State Department of Taxation and Finance | $12.39 | penalty on State tax debt |

---

[3] $12,080.00 as of June 19, 2018.

6.2 Separately classified nonpriority unsecured claims:

None

### PART 7: Vesting of Property of the Estate

Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the Debtor upon completion of the Plan.

### PART 8: Post-Petition Obligations

8.1 Vehicle payments, real estate taxes, income taxes, and domestic support obligations, are to be made directly by the Debtor, unless otherwise provided for in the Plan.

8.2 Throughout the term of this Plan, the Debtor will not incur post-petition debt over $2,500.00 without written consent of the Trustee, or by order of the Court.

**PART 9: Debtor's Signature**

**Dated: June 19, 2018**

/s/ Laverne Ellis
Debtor
216-17 118th Avenue
Cambria Heights, New York 11411

**PART 10: Debtor's Attorney's Signature**

Kim L. Jackson, Esq.
Attorney for Debtor
Law Office of Kim L. Jackson
2091 Bartow Avenue
Bronx, New York 10475
(917) 445-7809
kimmyj42@hotmail.com